UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD JAMES HALL,<br><br>                  Plaintiff,<br>vs.<br>F.W. HAWS, Warden,<br><br>                  Defendant. | CASE NO. 05cv10 WQH (JMA)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Join Case of Co-Defendant and Motion to Re-Open filed by Petitioner Willard James Hall. (ECF No. 41).

**BACKGROUND**

On June 7, 2001, Petitioner and his co-defendant, Ronnie Jermaine Sherrors, were convicted of murder in California Superior Court. On September 28, 2001, the trial court sentenced Petitioner and Sherrors to life without the possibility of parole. On July 16, 2003, the appeals filed by Petitioner and Sherrors were denied by the California Court of Appeal. On October 1, 2003, their appeals were denied by the California Supreme Court.

On January 3, 2005, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, challenging his June 7, 2001 conviction. (ECF No. 1). On March 15, 2005, Petitioner filed a First Amended Petition claiming that the state trial court committed constitutional error by: (1) improperly modifying California Jury Instruction ("CALJIC") No. 2.15; (2) improperly modifying CALJIC No. 8.81.17; and (3) presenting the jury with incomplete verdict forms. (ECF No. 5 at 6-9).

On June 15, 2005, Respondent filed a Motion to Dismiss the Petition on the grounds that Petitioner failed to exhaust his state remedies as to his second claim regarding CALJIC No. 8.81.17. (ECF No. 9). On August 11, 2005, Petitioner filed a Motion for Stay and Abeyance, moving the Court to stay his case so he could present his unexhausted second claim to the state courts. (ECF No. 15)

On September 16, 2005, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny the Motion for Stay and Abeyance. (ECF No. 16). No objections were filed to the Report and Recommendation. On January 24, 2006, this Court adopted the Report and Recommendation in its entirety and informed Petitioner of his option to either "voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims," or "formally abandon his unexhausted claim and proceed with his exhausted claims." (ECF No. 17 at 3-4). The Court stated: "If Petitioner chooses this second option, he must file a pleading entitled 'Formal Abandonment of Unexhausted Claim' with this Court no later than 30 days after the District Judge issues his decision." *Id.* at 4. The Court concluded that "Petitioner is presented with the options stated above to avoid dismissal of his petition." *Id.*

On February 28, 2006, Petitioner filed an "Application for Extension of Time to File Motion to Formally Abandon Unexhausted Claim," seeking a thirty day extension of time "in which to file a Motion to Formally Abandon Unexhausted Claim." (ECF No. 18 at 1). On March 27, 2006, the Magistrate Judge granted Petitioner's request for additional time and ordered that "Petitioner shall have until April 24, 2006 to file his 'Formal Abandonment of Unexhausted Claim.'" (ECF No. 19 at 3). Petitioner failed to file a formal abandonment of unexhausted claim or any other filing in response to the January 24, 2006 Court Order.

On May 19, 2006, this Court issued an Order finding that "Petitioner has filed a mixed Petition, has been given two options, but has failed to proceed under either option given by [the] Court" and ordering that "Petitioner's Petition for Habeas Corpus is dismissed without prejudice." (ECF No. 20 at 2-3). On May 21, 2006, Judgment was entered, dismissing the Petition without prejudice. (ECF No. 21).

On June 20, 2005, co-defendant Sherrors filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, challenging his June 7, 2001 conviction. (Case No. 05cv1262, ECF No. 1). On May 24, 2007, the Magistrate Judge in that case issued a Report and Recommendation, recommending that this Court conditionally grant the petition on the grounds that the state trial court's use of CALJIC No. 2.15 constituted prejudicial constitutional error. (Case No. 05cv1262, ECF No. 45). On November 2, 2007, this Court, then Chief Judge Irma E. Gonzalez, presiding, adopted the Magistrate Judge's Report and Recommendation in full, "conditionally granting the writ unless the State decides to retry [Sherrors] within a reasonable time." (Case No. 05cv1262, ECF No. 56 at 12). On November 15, 2007, Respondent appealed the Court's November 2, 2007 Order to the Court of Appeals for the Ninth Circuit. (Case No. 05cv1262, ECF No. 58; Ninth Circuit Case No. 07-56756).

On May 18, 2009, Petitioner Hall filed a Motion to Join Case of Co-Defendant (ECF No. 26). This was the first filing by Petitioner since his request for a thirty-day extension of time on February 28, 2006 (ECF No. 18). Petitioner alleged that "his due process rights were violated by the [state trial court's] use of CALJIC 2.15" and moved the Court for "permission to join the case of his co-defendant, Ronnie Jermaine Sherrors" (ECF No. 26 at 1). Petitioner stated that "[P]etitioner's circumstances mirror that of Sherrors from arraignment until they split in federal habeas petitions.... Petitioner suffered the exact same damning testimony, the exact same sentence and their appeals throughout the state courts (laying the foundation for the federal claims) were and are exactly the same...." (ECF No. 26 at 17).

On October 9, 2009, the Court denied the Motion to Join Case of Co-Defendant "without prejudice to refile the motion once the Court of Appeals for the Ninth Circuit issues a final decision in Sherrors' habeas case." (ECF No. 33 at 6). The Court stated:

> Petitioner's "Motion to Join Case of Co-Defendant" is based solely on the conditional grant of habeas relief to his co-defendant, Sherrors. This Court makes no ruling at this time as to whether the granting of conditional habeas relief to Sherrors constitutes "extraordinary circumstances" sufficient to warrant relief pursuant to Rule 60(b)(6). The Court finds that consideration of the matter is premature while Sherrors' habeas case remains on appeal.

*Id.* The Court ordered Respondent "to file in this action and serve on Petitioner a copy of any final decision issued by the Ninth Circuit in Sherrors' habeas case" and stated that "Petitioner

may refile his motion to reopen this case no later than SIXTY (60) DAYS after he is served with a copy of the Ninth Circuit's final decision in Sherrors' habeas case." *Id.*

On March 31, 2011, the Ninth Circuit Court of Appeals affirmed the November 2, 2007 decision of then Chief Judge Irma E. Gonzalez granting co-defendant Ronnie Jermaine Sherrors a conditional writ of habeas corpus.[1] (ECF No. 39-1). On August 31, 2011, Respondent filed a copy of the decision in this action. (ECF No. 39). On November 2, 2011, Petitioner Hall filed a Motion to Join Case of Co-Defendant and Motion to Re-Open Case under Federal Rule of Civil Procedure 60(b). (ECF No. 41). Petitioner states that, "[c]onsidering the Ninth Circuit's affirmation of the district court's reversal of Sherrors' [conviction], Petitioner's joint conviction is a gross miscarriage of justice." *Id.* at 6. On December 20, 2011, Respondent filed an opposition contending that Petitioner is not entitled to relief under Rule 60(b) and that Petitioner should be required to file a new petition. (ECF No. 47). On February 1, 2012, Petitioner filed a "Motion to Concede to Respondent's Opposition," indicating that he would file a new petition. (ECF No. 48).

## RULING OF THE COURT

This Court's dismissal of the Petition for failure to exhaust state remedies "terminated the litigation." *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). Judgment has been entered and subsequent motions "can only be entertained if the judgment is first reopened under a motion brought under [Federal] Rule [of Civil Procedure] 59 or 60."[2] *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). A motion pursuant to Rule 59 must be filed no later than 10 days after the entry of judgment and a motion pursuant to Rule 60(b) subsections (1), (2), and (3) must be filed within one year of judgment. Fed. R. Civ. P. 59(e), 60(c)(1). Petitioner's original Motion to Join Case of Co-Defendant was filed almost three years after

---

[1] Respondent in Sherrors' case represents to the Court in a status report that Sherrors is scheduled for retrial in state court on August 27, 2012. (Case No. 05cv1262, ECF No. 85).

[2] Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

Judgment was entered, so Rules 59 and 60(b)(1), (2) and (3) are not available to him.

Rule 60(b)(6) entitles the moving party to relief from judgment for "any other reason that justifies relief" and such a motion must be filed "within a reasonable time ... after the entry of the judgment." Fed. R. Civ. P. 60(b)(6), (c)(1). "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). "[T]he exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its judgment requires a showing of extraordinary circumstances." *Id.* "[C]ourts applying Rule 60(b)(6) to petitions for habeas corpus have considered a number of factors in deciding whether a prior judgment should be set aside or altered," including: (1) whether there was an intervening change in law; (2) whether the petitioner was proceeding diligently; (3) whether relief would disturb the parties' reliance interest in the finality of judgment; (4) the delay between judgment and the motion for 60(b) relief; (5) the extent and nature of the change in the law; and (6) interests of comity. *Id.* at 1135-40.

18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a § 2254 habeas case whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728-29 (9th Cir. 1986). A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

The Court finds that the appointment of counsel is appropriate in this matter, as a denial of Petitioners motion under Rule 60(b) may raise significant due process issues. Holly Sullivan is appointed by the Court under the Criminal Justice Act to represent Petitioner in this case for the purpose of determining the availability of relief from the Court's May 19, 2006

1  Order and May 21, 2006 Judgment under Rule 60(b).

2      Petitioner, through appointed counsel, shall file a supplemental Motion to Re-Open
3  Under Rule 60(b) no later than June 22, 2012.  Respondent shall file any opposition no later
4  than July 6, 2012.  Petitioner shall file any reply by July 13, 2012.

5  DATED:  May 22, 2012

                                                      *William Q. Hayes*
                                         **WILLIAM Q. HAYES**
                                         United States District Judge