FILED
AUG 3 1 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLARD JAMES HALL, | CASE NO. 05cv0010 WQH (JMA) |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| F.W. HAWS, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Supplemental Motion for Relief from Judgment under Rule 60(b) filed by Petitioner Willard James Hall. (ECF No. 51).

## BACKGROUND

On June 7, 2001, Petitioner Hall and his co-defendant Ronnie Sherrors were convicted of murder in California Superior Court. On September 28, 2001, the trial court sentenced both Hall and Sherrors to life without the possibility of parole. On July 16, 2003, the appeals filed by Hall and Sherrors were denied by the California Court of Appeal. On October 1, 2003, the appeals were denied by the California Supreme Court.

On January 3, 2005, Hall, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his June 7, 2001 conviction in California Superior Court. (ECF No. 1). On March 15, 2005, Hall filed an Amended Petition claiming that the trial court committed constitutional error by: (1) improperly modifying California Jury Instruction ("CALJIC") No. 2.15; (2) improperly modifying CALJIC No. 8.81.17; and (3) presenting the jury with incomplete verdict forms. (ECF No. 5 at 6-9).

On June 15, 2005, Respondent filed a Motion to Dismiss on the grounds that Hall had failed to exhaust state remedies as to his claim regarding CALJIC No. 8.81.17. (ECF No. 9). On August 11, 2005, Hall filed a Motion for Stay and Abeyance, requesting that the Court stay his case so that he could present his unexhausted claim in state court. (ECF No. 15). On September 16, 2005, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny the Motion for Stay and Abeyance on the grounds that Hall had failed to demonstrate good cause for failing to exhaust his second claim. (ECF No. 16, *citing Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 1528 (2005)). No objections were filed to the Report and Recommendation. On January 24, 2006, this Court adopted the Report and Recommendation in its entirety and informed Hall of his options to either "voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims," or "formally abandon his unexhausted claim and proceed with his exhausted claims," including the exhausted claim regarding CALJIC No. 2.15. (ECF No. 17 at 3-4). The Court stated: "If Petitioner [Hall] chooses this second option, he must file a pleading entitled 'Formal Abandonment of Unexhausted Claim' with this Court no later than 30 days after the District Judge issues his decision." *Id.*

On February 28, 2006, Hall filed an "Application for Extension of Time to File Motion to Formally Abandon Unexhausted Claim," indicating his intention to abandon the unexhausted second claim and proceed with his remaining exhausted claims, including the claim regarding CALJIC No. 2.15. (ECF No. 18 at 1). On March 27, 2006, the Magistrate Judge granted Hall's request for additional time and ordered that "Petitioner [Hall] shall have until April 24, 2006 to file his 'Formal Abandonment of Unexhausted Claim.'" (ECF No. 19 at 3). Hall failed to file a formal abandonment of unexhausted claim or any other filing in response to the Court's Order.

On May 19, 2006, this Court issued an Order finding that "Petitioner [Hall] has filed a mixed Petition, has been given two options, but has failed to proceed under either option given by [the] Court." (ECF No. 20 at 2-3). The Court ordered that Hall's petition for habeas corpus be dismissed "without prejudice." *Id.* at 4. On May 21, 2006, the Clerk of the Court

entered Judgment dismissing Hall's petition without prejudice. (ECF No. 21).

On June 20, 2005, Hall's co-defendant, Ronnie Sherrors, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his June 7, 2001 conviction. (Case No. 05cv1262-IEG-LSP; ECF No. 1). Sherrors' petition asserted the same claim regarding CALJIC No. 2.15 that was asserted in Hall's petition. (Case No. 05cv1262; ECF No. 1 at 14). On May 24, 2007, the Magistrate Judge in Sherrors' case issued a Report and Recommendation recommending that this Court conditionally grant Sherrors' petition on the grounds that the trial court's use of CALJIC No. 2.15 constituted prejudicial constitutional error. (Case No. 05cv1262; ECF No. 45). On November 2, 2007, United States District Judge Irma E. Gonzalez adopted the Report and Recommendation, "conditionally granting the writ unless the State decides to retry [Sherrors] within a reasonable time." (Case No. 05cv1262; ECF No. 56 at 12). On November 15, 2007, Respondent appealed the November 2, 2007 Order to the Court of Appeals for the Ninth Circuit. (Case No. 05cv1262; ECF No. 58; Ninth Circuit Case No. 07-56756).

On May 18, 2009, Hall filed a "Motion to Join the Case of Co-Defendant" (ECF No. 26), which the Court treated as a motion to reopen Hall's petition and proceed on the exhausted first and third claims for relief. (ECF No. 27). Hall stated that the circumstances of his case "mirror that of Sherrors from arraignment until they split in federal habeas petitions.... Petitioner [Hall] suffered the exact same damning testimony, the exact same sentence and their appeals throughout the state courts (laying the foundation for the federal claims) were and are exactly the same...." (ECF No. 26 at 17). Hall alleged that his due process rights were violated by the trial court's use of CALJIC 2.15 and requested "relief under 28 U.S.C. § 2254 parallel to that of his co-defendant Sherrors." *Id.* at 18.

On October 9, 2009, the Court denied the motion "without prejudice to refile ... once the Court of Appeals for the Ninth Circuit issues a final decision in Sherrors' habeas case." (ECF No. 33 at 6). The Court stated:

> Petitioner's "Motion to Join Case of Co-Defendant" is based solely on the conditional grant of habeas relief to his co-defendant, Sherrors. This Court makes no ruling at this time as to whether the granting of conditional habeas relief to Sherrors constitutes "extraordinary circumstances" sufficient to warrant relief

pursuant to Rule 60(b)(6). The Court finds that consideration of the matter is premature while Sherrors' habeas case remains on appeal.

*Id.* The Court ordered Respondent "to file in this action and serve on Petitioner [Hall] a copy of any final decision issued by the Ninth Circuit in Sherrors' habeas case" and stated that "Petitioner [Hall] may refile his motion to reopen this case no later than sixty (60) days after he is served with a copy of the Ninth Circuit's final decision in Sherrors' habeas case." *Id.*

On March 31, 2011, the Ninth Circuit affirmed the November 2, 2007 decision of this Court granting Sherrors a conditional writ of habeas corpus on the claim regarding CALJIC 2.15. Respondent represents to the Court that "Sherrors has been returned to San Diego County for retrial, has been appointed a lawyer, and has a trial date of January 2013." (ECF No. 51 at 6). On August 31, 2011, Respondent filed in this action and served on Hall a copy of the Ninth Circuit's decision in Sherrors' case. (ECF No. 39).

On October 27, 2011, Hall mailed the Court a "Motion to Join Case of Co-Defendant" and "Motion to Re-Open Case." (ECF No. 41). In his motion, Hall states that, after this Court issued the Judgment dismissing Hall's petition, Sherrors "continued to advise Petitioner via intermittent third-party communications that he was filing 'Writs and Motions' with Petitioner's name included as a co-submission". *Id.* at 3. Hall states that, "due to the intermittent third-party communications Petitioner received from Sherrors, that he was included in Sherrors' Writs and Motions, Petitioner had good faith reason to believe his interests were included in any outcome of [Sherrors' case]." *Id.* at 4. Hall states that "throughout the state courts [process,] counsel for both co-defendants used this language of joinder to ensure that both defendants benefitted from any success through their appeals... [and that] Petitioner relied on Sherrors to continue to include his name as a co-submitter." *Id.* Hall states that, "[c]onsidering the Ninth Circuit's affirmation of the district court's reversal of Sherrors' [conviction], Petitioner's joint conviction is a gross miscarriage of justice." *Id.* at 6. On December 20, 2011, Respondent filed an opposition. (ECF No. 47).

On May 22, 2012, the Court found that "the appointment of counsel is appropriate in this matter, as a denial of Petitioner [Hall]'s motion under Rule 60(b) may raise significant due process issues." (ECF No. 49 at 5). On June 22, 2012, Hall, with the assistance of appointed

counsel, filed a supplemental Motion for Relief under Rule 60(b). (ECF No. 50). On July 9, 2012, Respondent filed an opposition. (ECF No. 51). On July 13, 2012, Hall filed a reply. (ECF No. 52).

## DISCUSSION

### I.  Timeliness of the Rule 60(b) Motion

The Court's dismissal of Hall's petition for failure to exhaust state remedies and failure to respond to the Court's Order "terminated the litigation." *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999). Judgment has been entered in the case, and subsequent motions "can only be entertained if the judgment is first reopened under a motion brought under [Federal] Rule [of Civil Procedure] 59 or 60."[1] *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). A motion pursuant to Rule 59 must be filed no later than ten days after the entry of judgment and a motion pursuant to Rule 60(b) subsections (1), (2), and (3) must be filed within one year of judgment. Fed. R. Civ. P. 59(e), 60(c)(1). Rules 59 and 60(b)(1), (2) and (3) are not available to Hall because his first "Motion to Join Case of Co-Defendant" was filed almost three years after Judgment was entered in this case.

Rule 60(b)(6) entitles the moving party to relief from judgment for "any other reason that justifies relief," and such a motion must be filed "within a reasonable time ... after the entry of the judgment." Fed. R. Civ. P. 60(b)(6), (c)(1). "What constitutes reasonable time depends on the facts of each case." *U.S. v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985). "The facts are analyzed to determine whether the government was prejudiced by the delay... and whether [the party seeking relief] had a good reason for failing to take the action sooner...." *Id.* (citations omitted) (finding a five year delay reasonable in light of defendant's misreading of the court's order and a lack of prejudice to the government). The Court should also be "mindful of the strong policy in favor of finality." *Id.*

In this case, prejudice to the government is minimal because the government has

---

[1] Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or applying it prospectively is no longer equitable; (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

scheduled a retrial of Hall's co-defendant, whose habeas claim regarding CALJIC 2.15 was favorably ruled upon by this Court and affirmed by the Ninth Circuit Court of Appeals and whose trial is identical to that of Hall. The government will not be prejudiced by litigating potentially meritorious claims in Hall's habeas petition when a retrial of the underlying case is already scheduled in state court.

Regarding "good reason for failing to take the action sooner," Hall expected that his federal habeas claims were being advanced by co-submission in Sherror's case after Hall's case was dismissed. *Holtzman,* 762 F.2d at 725. This expectation was based on third-party communications with Sherrors and a history of jointly filed habeas petitions in state court. Hall did not have the benefit of counsel to assist in this case prior to 2012, and he believed that his filings could be re-filed without prejudice based on the Court's previous orders using that language. The Court finds that Hall's delay in filing his first motion for relief under Rule 60(b) was reasonable in light of the facts of this case. The Court finds that Hall's motion for relief occurred within a reasonable time after entry of the final judgment.

## II.     The Rule 60(b) Motion is Not a Successive Habeas Petition

Rule 60(b), regarding relief from judgment, applies in habeas proceedings to the extent that the rule is not inconsistent with applicable federal statutes such as the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C.A. § 2254 Rule 11; *Gonzalez v. Crosby,* 545 U.S. 524, 529-30 (2005). Under the AEDPA, substantive claims presented in a second or successive habeas petition which were presented in the prior petition must be dismissed, barring specific exceptions. 28 U.S.C.A. § 2244(b). The AEDPA dictates "that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Gonzalez,* 545 U.S. at 531-32. The United States Supreme Court has cautioned that a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent this dictate. *Id.* "Such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. Similarly, "a Rule 60(b) motion that seeks to revisit the federal court's denial *on*

*the merits* of a claim for relief should be treated as a successive habeas petition." *Id.* at 534 (emphasis in original).

However, "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538. "Rule 60(b) motions in § 2254 cases, [that confine themselves] not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding" are not construed as a successive habeas petition and may be addressed as a Rule 60(b) motion without conflict with federal statutes. *Id.*; *see Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) (finding that a Rule 60(b) motion does not amount to a second or successive petition, and is an appropriate means to challenge a judgment, when the challenge is based on intervening change in law that applies to the petitioner's federal habeas petition). "When a district court dismisses with prejudice a petition for writ of habeas corpus under 28 U.S.C. § 2254 without reaching the merits of the claims raised therein, the petitioner may seek relief from judgment through a motion under Federal Rule of Civil Procedure 60(b), because such a motion is not the equivalent of a second or successive petition under [AEDPA]." *Butz v. Mendoza-Powers*, 474 F.3d 1193, 1194 (9th Cir. 2007) (finding that, where "the district court dismisses the petition for failure ... to comply with the court's orders, the district court does not thereby reach the 'merits' of the claims presented in the petition and a Rule 60(b) motion challenging the dismissal is not treated as a second or successive petition.")

The Court dismissed Hall's petition because Hall had failed to exhaust one of his claims and failed to proceed with his petition under one of the options set forth by the Court. To the extent that the petition was dismissed for failure to respond to the Court's Order, a dismissal on such procedural grounds does not render Hall's subsequent Rule 60(b) motion a successive petition. See *Butz*, 474 F.3d at 1194. Hall's Rule 60(b) motion "does not assert, or reassert, claims of error in the movant's state conviction," but contends that Hall is entitled to relief from judgment because of an intervening change of law and a reasonable misunderstanding regarding the representation of Hall's claims in his co-defendants petition. *Gonzalez*, 545 U.S. at 538. The Court dismissed Hall's petition without prejudice and without reaching the merits

of any claim. The Court does not construe Hall's Rule 60(b) motion as a second or successive habeas petition. The Court construes the motion as proper under Rule 60(b) to re-open the case and proceed on the exhausted claims for relief.

### III. Relief Under Rule 60(b)(6)

"Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps*, 569 F.3d at 1135. "[T]he exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its judgment requires a showing of extraordinary circumstances." *Id.*, see also *Gonzalez*, 545 U.S. at 542 ("a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."). "[T]he decision to grant Rule 60(b)(6) relief must be measured by the incessant command of the court's conscience that justice be done in light of all the facts." *Phelps*, 569 F.3d at 1141 (quotations omitted).

"[C]ourts applying Rule 60(b)(6) to petitions for habeas corpus have considered a number of factors in deciding whether a prior judgment should be set aside or altered," including: (1) whether there was an intervening change in law; (2) the extent and nature of the change in the law; (3) whether the petitioner was proceeding diligently; (4) the delay between judgment and the motion for 60(b) relief; (5) whether relief would disturb the parties' reliance interest in the finality of judgment; and (6) interests of comity. *Id.* at 1135-40. These factors are not a "mechanical list of considerations" and do not "impose a rigid or exhaustive checklist," but are "principles that should guide courts in exercising their discretion under Rule 60(b)(6)." *Id.* at 1135, 1140.

After Hall and Sherror's conviction for murder, but before the California Court of Appeal decided their direct appeal, the California Supreme Court held that the jury instruction CALJIC 2.15 should not be used in the context of non-theft cases such as murder. In deciding Hall and Sherrors' appeal, the California Court of Appeals recognized that the trial court erred in instructing the jury with CALJIC 2.15. However, the Court of Appeals failed to recognize that this instructional error was of constitutional magnitude and instead applied a

nonconstitutional standard to determine that the instructional error was harmless. According to the Ninth Circuit, this constituted an unreasonable application of clearly-established Supreme Court law. (See the Ninth Circuit Memorandum affirming the conditional grant of Sherrors' petition at ECF No. 39-1). This intervening change in law, triggered by the Ninth Circuit decision in Sherrors' case, is directly relevant to Hall's case because the underlying facts and circumstances of the two cases are identical and the underlying trial was the same.

The United States Supreme Court in *Gonzalez* emphasized the importance of a petitioner's diligence in determining whether to grant equitable relief under Rule 60(b)(6). *Gonzalez,* 545 U.S. at 537-38 (finding that "[t]he change in law... is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the... issue"). After his petition in federal court was dismissed, Hall stated that he relied on third-party assurances from his co-defendant that his claims were still being represented in federal habeas proceedings. After filing his first motion to reopen the case, Hall was instructed to await a ruling from the Ninth Circuit Court of Appeals in Sherrors' case before renewing the motion. Hall proceeded as instructed and renewed his motion to re-open the case upon receipt of the Ninth Circuit's favorable ruling in Sherrors' case. The Court finds that the delay between dismissal of Hall's petition and the filing of his motion to re-open was reasonable and that Hall has proceeded diligently in pursuing his habeas claims in federal court.

There is a "strong public interest in timeliness and finality" of judgments. *Phelps,* 569 F.3d at 1138, *quoting Flores v. Arizona,* 516 F.3d 1140, 1163 (9th Cir. 2008). In this case, the government's reliance on the finality of the judgment issued in Hall's case is diminished because Hall's co-defendant was conditionally granted a writ of habeas corpus and is scheduled to be retried in state court next year. The government cannot reasonably argue reliance on the finality of Hall's judgment because there has been no finality for Hall's co-defendant who has successfully proceeded through federal court asserting the same claims, based on the same facts and the same state court trial, as Hall. A grant of Hall's motion for relief under Rule 60(b) would not disturb the parties' reliance interest in the finality of judgment in this case.

1　　　The Ninth Circuit has stated that "in the context of Rule 60(b)(6), we need not be concerned about upsetting the comity principle when a petitioner seeks reconsideration not of a judgment on the *merits* of his *habeas* petition, but rather of an *erroneous* judgment that prevented the court from ever *reaching* the merits of that petition." *Phelps*, 569 F.3d at 1139 (emphasis in original). In this case, the Court did not reach the merits of Hall's habeas petition and Hall seeks relief under Rule 60(b)(6) on the grounds that the Court's Order dismissing his case was erroneous. Consideration of comity between the sovereign state and federal judiciary is not a factor that weighs against Hall in seeking relief.

## CONCLUSION

"[T]he decision to grant Rule 60(b)(6) relief must be measured by the incessant command of the court's conscience that justice be done in light of all the facts." *Phelps*, 569 F.3d at 1141 (quotations omitted). The United States Supreme Court made clear in *Gonzalez* that the power embodied in Rule 60(b) is the power "to vacate judgments whenever such action is appropriate to accomplish justice." *Gonzalez*, 545 U.S. at 542. The Court finds that Hall has made a showing of "extraordinary circumstances" such that the Court's "exercise of... ample equitable power under Rule 60(b)(6) to reconsider its judgment" is appropriate in this case. *Phelps*, 569 F.3d at 1135.

The Supplemental Motion for Relief under Rule 60(b) filed by Petitioner Hall is GRANTED. (ECF No. 51). The Clerk of the Court is instructed to reopen this case so the parties may proceed on Petitioner Hall's exhausted first and third claims for relief. The case is referred to the Magistrate Judge for scheduling of briefing on the Petition for Writ of Habeas Corpus (ECF No. 5) consistent with this Order.

IT IS FURTHER ORDERED that Holly Sullivan shall remain as Petitioner Hall's appointed counsel for all matters in this case.

DATED: 8/30/12

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT