# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLARD JAMES HALL, | CASE NO. 05cv10-WQH-JMA |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| F.W. HAWS, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 63) of Magistrate Judge Jan M. Adler, recommending that the Court conditionally grant Petitioner Willard James Hall's First Amended Petition for Writ of Habeas Corpus (ECF No. 5).

## BACKGROUND

On June 7, 2001, Petitioner and a co-defendant, Ronnie Jermaine Sherrors ("Sherrors"), were convicted in California Superior Court of first degree murder with the special circumstance of murder during the course of a robbery and use of a deadly weapon. On September 28, 2001, the trial court sentenced Petitioner and Sherrors to life without the possibility of parole. On July 16, 2003, the appeals filed by Petitioner and Sherrors were denied by the California Court of Appeal in a written opinion. (Lodgment No. 10). On October 1, 2003, the California Supreme Court denied Petitioner's and Sherrors' petitions for review without comment. (Lodgment No. 13).

On January 3, 2005, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his June 7, 2001 conviction. (ECF No. 1). On March 15, 2005, Petitioner filed a First Amended Petition for Writ of Habeas Corpus ("Petition"), claiming that the state trial court committed Constitutional error by: (1) improperly modifying California Jury Instruction ("CALJIC") No. 2.15; (2) improperly modifying CALJIC No. 8.81.17; and (3) presenting the jury with incomplete verdict forms. (ECF No. 5 at 6-9).

On January 24, 2006, the Court issued an Order denying Respondent's motion to dismiss and Petitioner's motion for stay and abeyance, and presenting Petitioner with the option of either voluntarily dismissing the entire Petition or formally abandoning his unexhausted claim (i.e., ground two) and proceeding with his exhausted claims (i.e., grounds one and three). (ECF No. 17). On May 19, 2006, the Court issued an Order dismissing the Petition without prejudice. (ECF No. 20).

On November 2, 2007, this Court, Judge Irma E. Gonzalez presiding, conditionally granted Sherrors' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (S.D. Cal. Case No. 05cv1262, ECF No. 56). On March 31, 2011, the Court of Appeals for the Ninth Circuit issued an order affirming the conditional grant of Sherror's petition. *See Sherrors v. Woodford*, 425 Fed. Appx. 617 (9th Cir. 2011). The Ninth Circuit held that Sherrors' right to due process was violated by the use of CALJIC No. 2.15; "this error amounts to an unreasonable application of clearly-established Supreme Court law"; and the error was not harmless. *Id*. at 619.

On May 22, 2012, this Court appointed Petitioner counsel. (ECF No. 49). On August 31, 2012, the Court granted relief to Petitioner pursuant to Federal Rule of Civil Procedure 60(b)(6), and reopened this case so the parties may proceed on the Petition's exhausted first and third claims for relief. (ECF No. 53).

On March 25, 2014, the Magistrate Judge issued the Report and Recommendation, recommending that the Court grant the Petition as to ground one and deny the Petition as to ground three, and direct that judgment be entered conditionally

granting the Petition unless the State of California decides to retry Petitioner within a reasonable time. (ECF No. 63).

On April 21, 2014, Respondent filed Objections to the Report and Recommendation. (ECF No. 66). Respondent objects that the Ninth Circuit's opinion in *Sherrors v. Woodford* is not binding on this Court because the decision by the U.S. Supreme Court in *Johnson v. Williams*, 133 S.Ct. 1088 (2013), "demonstrates the Ninth Circuit erred in *Sherrors*." (ECF No. 66 at 2). Respondent contends that "[t]he problem with *Sherrors*—and thus with the Report's recommendation regarding [Petitioner]—is that *Johnson v. Williams* adopted a new rule that had not previously been employed by the Ninth Circuit in analyzing habeas corpus cases." *Id*. Respondent asserts that *Johnson* requires the Court to "*presume* that the California Court of Appeal applied federal law when deciding this instruction issue [raised in ground one of the Petition] on its merits." *Id*. at 3. Respondent contends that "[t]his Court is no longer free to note the application of one state-law standard and the omission of another federal-law standard in concluding that there was an unreasonable constitutional error under 28 U.S.C. § 2254(d)." *Id*. at 4-5. Respondent also objects that the Report and Recommendation failed to mention Petitioner's February 1, 2012 "Motion to Concede to Respondent's Opposition to Join or Reopen Case." (ECF No. 48). Respondent asserts that this objection is made "to preserve its view of the record for any appeal." (ECF No. 66 at 9).

On May 13, 2014, Petitioner filed a Reply to the Respondent's Objections to the Report and Recommendation. (ECF No. 69).

## DISCUSSION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

28 U.S.C. § 636(b)(1).

The Court has reviewed the filings of the parties and made a de novo review of ground one of the Petition. The Court has reviewed the relevant legal authority, including the Ninth Circuit opinion in *Sherrors*, and the Supreme Court's opinion in *Johnson*. Contrary to the contention of Respondent, the Court does not find that *Johnson* "demonstrates the Ninth Circuit erred in *Sherrors*." (Obj. Report & Recommendation at 2, ECF No. 66). The Court finds that the Report and Recommendation is supported by the record and by proper analysis. The Objections are overruled. For the reasons stated in the Report and Recommendation, the Petition is conditionally granted as to ground one and denied as to ground three. A certificate of appealability is denied as to ground three of the Petition. *See* R.11(a), Rules Governing § 2254 Cases; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 63) is ADOPTED in its entirety. The First Amended Petition for Writ of Habeas Corpus (ECF No. 5) is conditionally GRANTED unless the State of California grants Petitioner a new trial within 90 days from the date this Order is filed. The parties shall file a joint status report no later than 60 days from the date this Order is filed. The Clerk of the Court shall enter judgment.

DATED: July 9, 2014

**WILLIAM Q. HAYES**
United States District Judge